[Cite as *Alabaugh v. Eagle*, 2009-Ohio-2308.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

ORVILLE ALABAUGH, et al.,

  PLAINTIFFS-APPELLANTS,              CASE NO. 13-09-01

  v.

CURTIS EAGLE, CITY OF TIFFIN
ZONING INSPECTOR, ET AL.,

  DEFENDANTS-APPELLEES,

  and                                  O P I N I O N

WAYNE L. MOORE,

  INTERVENOR-APPELLEE.

Appeal from Seneca County Common Pleas Court
Trial Court No. 2008-CV-0093

**Judgment Affirmed**

**Date of Decision: May 18, 2009**

APPEARANCES:

    *Charles R. Hall, Jr.* for Appellants

    *Arthur F. Graham* for Appellee, Wayne Moore

    *Brent T. Howard* for Appellees, Curtis Eagle, City of Tiffin Zoning
    Inspector, Bob Williams, Bob Yager and Will Heddles

**WILLAMOWSKI, J.**

{¶1} The plaintiffs-appellants, Orville Alabaugh and Debbra Alabaugh, appeal the judgment of the Seneca County Common Pleas Court sustaining the decision of the Zoning Board of Appeals for Tiffin, Ohio ("ZBA") to deny a zoning permit for change of use. On appeal, the Alabaughs contend that the trial court abused its discretion. For the reasons set forth herein, the judgment of the trial court is affirmed.

{¶2} The Alabaughs are trustees of the Orville Alabaugh and Debbra Alabaugh Trust, which owns real property located in Tiffin, Ohio, and which is zoned R-4 under the Tiffin City Code. The residence is a 21-room mansion that was built approximately 105 years ago. In 1991, a prior owner received a variance to operate the residence as a bed and breakfast. The Alabaughs opened the residence as a tea room in 2004 and advertised it as the "Roselawn Manor Tea Room."

{¶3} On October 9, 2007, the Alabaughs applied for a permit to change the use of their residence to a "country club." Curtis Eagle, the zoning inspector for the city of Tiffin, denied the permit after he determined that the Alabaughs' proposed use for the land did not meet the definition of a "country club." The ZBA denied the Alabaughs' appeal, and they filed a joint complaint and notice of appeal in the common pleas court. The appeal and the action for damages were

later bifurcated, and on December 16, 2008, the trial court found the Alabaughs' appeal not well taken and dismissed it with prejudice. The Alabaughs appeal the judgment of the trial court, asserting one assignment of error for our review.

### *Assignment of Error*

**The trial court abused its discretion by not granting the [a]ppellants the permitted use of their property under the City of Tiffin Zoning Code.**

{¶4} To support their assignment of error, the Alabaughs contend that the operation of a "country club" is a permitted use of property located in an R-4 area, and contrary to the zoning inspector's and ZBA's determinations, the operation of a golf course is not required for a business to be defined as a country club. The Alabaughs also allege that other property owners who have changed the use of their R-4 properties were not required to apply for permits.

{¶5} The defendants-appellees, Curtis Eagle, the Zoning Board of Appeals for Tiffin, Ohio, Bob Williams, Bob Yager, and Will Heddles,[1] contend that the city code clearly provides for a permit in order to change the use of zoned property. The appellees also contend that the Alabaughs did not meet their burden in proving selective enforcement of the city code. The appellees claim that the trial court's decision was supported by a preponderance of reliable, probative, and substantial evidence. Finally, the appellees allege that the Alabaughs have been

---

[1] Curtis Eagle was named a defendant in his capacity as the Zoning Inspector for the city of Tiffin, and Bob Williams, Bob Yager, and Will Heddles were each named defendants in their capacities as members of the ZBA.

permanently enjoined from operating a tea room, and as a result, the doctrine of res judicata bars the current litigation. Also filing a brief with this court is the intervenor-appellee, Wayne Moore, who raised arguments similar to those made by the defendants-appellees.

{¶6} The issues presented by this case are whether the Tiffin City Code required the Alabaughs to obtain a permit before they changed the use of their zoned property and whether the proposed use satisfied the definition of a "country club." The Supreme Court of Ohio has clarified the appropriate standards of review for zoning appeals as follows:

> **[t]he common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219, 223, citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206-207, 12 O.O.3d 198, 201-202, 389 N.E.2d 1113, 1116-1117.**

> **The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "*more limited* in scope." (Emphasis added.) *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 30, 465 N.E.2d 848, 852. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the**

> **administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."** *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* **(1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267.**

*Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433. In essence, the appellate court:

> **must affirm the decision of the trial court unless it finds, as a matter of law, that the decision is not supported by a preponderance of substantial, reliable, and probative evidence. This is tantamount to an abuse of discretion standard; therefore, an appellate court can only reverse the trial court's determination upon finding that the decision is unreasonable, arbitrary, or unconscionable.**

*In re Appeal of Am. Outdoor Advertising, LLC*, 3d Dist. No. 14-02-27, 2003-Ohio-1820, citing *Kisil*, at 34; *Trent v. German Twp. Bd. of Zoning Appeals* (2001), 144 Ohio App.3d 7, 21, 759 N.E.2d 421.

{¶7} Admittedly, a country club is a permitted use of property zoned R-4, such as the Alabaughs' property. Appellees' Brief in Opp. of Appeal, Jun. 27, 2008, at Ex. E, 1165.02(n). However, the Alabaughs were still required to obtain a permit prior to changing the use of their property. Id. at 1145.02 ("nor shall any building, structure, or land be established or changed in use without a Zoning Permit issued by the Zoning Inspector."). The Alabaughs' predecessor had been granted a variance to use the property as a rooming house or bed and breakfast. The Alabaughs operated their property as a private residence and opened the tea room in 2004. Id. at Ex. A. On their application for the permit, the Alabaughs

wrote in "country club and/or tea room" on the blank line for the "project description." Notice of Filing Original Transcript, Apr. 23, 2008, at Application for Permit. In her handwritten statement, Debbra stated, "As an in-town country club, a use PERMITTED by code, we would operate essentially as we have for the past 3 years as a tea room – i.e., serving the community luncheon teas and tea brunches, high teas, victorian teas, bridal teas, and host various clubs, meetings, anniversary celebrations, birthdays, baby showers, etc. including religious services (baptisms, etc.)." Id. at 6.

{¶8} Debbra insisted that a "tea room is not a restaurant per se. Has no menu, no regular hours. Restricted # of people." Id. at 10. However, newspaper advertisements reveal a more extensive menu at the Alabaughs' property. One advertisement shows the menu for Wednesday, June 27 at 6:00 p.m. as a meatloaf dinner including "old fashioned comfort food like Mom used to make! Salad, meatloaf, potatoes and green beans." Id. The menu for Sunday, July 15 was an "antebellum feast" featuring "Southern Home Cooking at its best! Fried chicken, roast beef, dressing, corn pudding, baked beans, 'taters, slaw, salads, deviled eggs and so much more!" Id. Sunday, August 12 featured a "Sunday Buffet," while Sunday, August 26 was a "Sunday Brunch." Another advertisement, published on June 8, 2007, stated, "In addition to our luncheons (even for just two), high teas, breakfast meetings, baby and bridal showers, and teas and parties of all kinds, we proudly offer in and out business lunches on most Mondays, Tuesdays, and

Wednesdays." Id. Other advertisements announced "Wedding Rehearsal Dinners, Intimate Weddings, Bridal Showers, and Wedding Receptions," and still others contained similar statements. Id.

{¶9} The rules of statutory construction require us to first determine if the statutory language is plain and unambiguous.

> **We look to the plain language of the statute to determine the legislative intent.** *State ex rel. Burrows v. Indus. Comm.* **(1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519. We apply a statute as written when its meaning is unambiguous and definite.** *Portage Cty. Bd. of Commrs. v. Akron,* **109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing** *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* **(1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463. Finally, an unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language.** *Burrows,* **78 Ohio St.3d at 81, 676 N.E.2d 519.**

*Egbert v. Ohio Dept. of Agriculture*, 3d Dist. No. 17-08-15, 2008-Ohio-5309, at ¶ 15, quoting *Kraynak v. Youngstown City School Dist. Bd. of Edn.,* 118 Ohio St.3d 400, 2008-Ohio-2618, 89 N.E.2d 528, at ¶ 10. The Tiffin City Code defines a "restaurant" as "an establishment that serves food and beverages primarily to persons seated within the building. This includes cafes, *tea rooms*, and outdoor cafes." (Emphasis added). Appellees' Brief in Opp. of Appeal, at Ex. E, 1143.01.72. Therefore, a "tea room" is not a "country club" but is a "restaurant" for purposes of zoning in Tiffin, and all of the evidence presented below indicated that the Alabaughs were attempting to classify their "tea room" as a "country club" for zoning purposes. Neither a "restaurant" nor a "tea room" are permitted

uses of property zoned R-4. The zoning inspector, the ZBA, and the trial court refused to allow the Alabaughs to misnomer their business operation and applied the unambiguous language of the city code.

{¶10} The Alabaughs also contend that the appellees have selectively enforced the zoning laws. In their appellate brief, the Alabaughs have listed approximately eleven other addresses where an alleged change of use occurred without a zoning permit.

> **If a law, while fair on its face, is applied in a manner resulting in material unjust and illegal discriminations between persons in similar circumstances, there is a denial of equal protection.** *State v. Flynt* **(1980), 63 Ohio St.2d 132, 134.**

> **"To support a defense of selective or discriminatory prosecution, [the party alleging selective prosecution] bears the heavy burden of establishing, at least** *prima facie,* **(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith,** *i.e.,* **based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as 'intentional and purposeful discrimination.'" Id., citing** *United States v. Berrios* **(C.A.2, 1974), 501 F.2d 1207, 1211.**

> **In order for selective enforcement to amount to a denial of equal protection, an element of purposeful or intentional discrimination must be shown, and this is not satisfied by a mere showing that others similarly situated have not been prosecuted.** *W. Chester Twp. Bd. of Trustees v. Speedway Superamerica, L.L.C.,* **Butler App. No. CA2006-05-104, 2007-Ohio-2844, ¶ 49.**

*Taylor v. Bd. of Trustees, Wayne Twp.*, 12th Dist. No. CA2008-02-032, 2009-Ohio-193, at ¶ 24-26.  Even if we accepted the Alabaughs' assertions that other property owners were not required to obtain zoning permits to change the use of their land, they have presented no evidence that any of the appellees purposefully or intentionally discriminated against them.  On this record, we cannot hold that the trial court abused its discretion.  The sole assignment of error is overruled.

**{¶11}** The judgment of the Seneca County Common Pleas Court is affirmed.

*Judgment affirmed*

**PRESTON, P.J., and SHAW, J., concur.**

**/jnc**