[Cite as *In re Everitt*, 2010-Ohio-6710.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: PATTY   EVERITT


PATTY EVERITT

       Applicant


 Case No. V2009-40633

Commissioners:
Gregory P. Barwell, Presiding
Elizabeth Luper Schuster
Randi Ostry LeHoty

ORDER OF A THREE
COMMISSIONER PANEL

{1}On March 5, 2009, the applicant, Patty Everitt, filed a compensation application as the result of an assault which occurred on December 12, 2008.   On June 19, 2009, the Attorney General issued a finding of fact and decision finding the applicant qualified as a victim of criminally injurious conduct but denying reimbursement of a Civil Protection Order (C.P.O.) attorney fee the applicant incurred.   The Attorney General stated the C.P.O. did not physically separate the parties as is required by R.C. 2743.51(F)(4).   On June 23, 2009 and July 23, 2009, the applicant submitted requests for reconsideration.   On August 24, 2009, the Attorney General rendered a Final Decision finding no reason to modify the initial decision.   On August 31, 2009, the applicant filed a notice of appeal from the August 24, 2009 Final Decision of the Attorney General.   Hence, a hearing was held before this panel of commissioners on November 19, 2009 at 10:05 A.M.

{2}Assistant Attorney General Mark Zemba appeared via video teleconference and Assistant Attorney General Amy O'Grady appeared in person on behalf of the state of Ohio.   Neither the applicant nor her attorney appeared at the hearing.   Assistant

Attorney General Mark Zemba made a brief statement for the panel's consideration. The Attorney General's position is that the statute in question is clear and unambiguous; the C.P.O. was to physically separate the parties for attorney fees to be compensable. The C.P.O. in question has an exception where they could be in the same location in Michigan and therefore the attorney fees are not compensable.  Whereupon, the Attorney General rested its case.

{3}Former R.C. 2743.51(F)(4) states:

"(4) 'Allowable expense' includes attorney's fees not exceeding two thousand five hundred dollars, at a rate not exceeding one hundred fifty dollars per hour, incurred to successfully obtain a restraining order, custody order, or other order to physically separate a victim from an offender, if the attorney has not received payment under section 2743.65 of the Revised Code for assisting a claimant with an application for an award of reparations under sections 2743.51 to 2743.72 of the Revised Code."

{4}We look to the plain language of the statute to determine the legislative intent.  *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519.  We apply a statute as written when its meaning is unambiguous and definite. *Portage Cty. Bd. Of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. Of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463.   Finally, an unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language. *Burrows*, 78 Ohio St.3d at 81, 676 N.E.2d 519.

{5}The provision of the Civil Protection Order in question in pertinent part states:

"As an exception to this order, the parties may have contact in the State of Michigan due to their son-in-law's serious illness."

{6}From review of the file and after careful consideration of the information presented at the hearing, we find the attorney fees incurred for the civil protection order

are compensable pursuant to former R.C. 2743.51(F)(4). This decision is reached based upon the unique fact situation presented in this case. The Civil Protection Order in question prohibits the offender from in any manner coming in contact with the applicant or following, stalking, harassing or contacting the applicant at her residence, business, or place of employment. Furthermore, the C.P.O. orders the offender to stay away from the victim and not be present within 500 feet of her. Accordingly, this provision complies with the requirement contained in former R.C. 2743.51(F)(4) to "physically separate" the victim from the offender.

{7}However, during the pendency of the litigation the applicant and offender's son-in-law became gravely ill in Michigan. At the time of the hearing for the C.P.O. it was likely that the son-in-law would not survive and the limited exception was included in the order so that both parties could attend the funeral service. We believe this narrow, fact specific exception should not prohibit the payment of attorney fees for an otherwise legally compliant C.P.O. This decision is confined to this narrow fact situation and should not be considered precedent for broadening the scope of the physical separation provision of R.C. 2743.51(F)(4). Therefore, the August 24, 2009 decision of the Attorney General is reversed.

IT IS THEREFORE ORDERED THAT

{8}1) The August 24, 2009 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant;

{9}2) This claim is remanded to the Attorney General for calculation and payment of the award;

{10}3) This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{11}4)   Costs are assumed by the court of claims victims of crime fund.


_____
GREGORY P. BARWELL
Presiding Commissioner


_____
ELIZABETH LUPER SCHUSTER
Commissioner


_____
RANDI OSTRY LE HOTY
Commissioner

ID #I:\VICTIMS\2009\40633\12-17-09 panel decision.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Summit County Prosecuting Attorney and to:

Filed 1-14-10
Jr. Vol. 2274, Pgs. 136-139
Sent to S.C. Reporter 10-6-11