[Cite as *Sidney v. Spring Creek Corp.*, 2017-Ohio-8785.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

CITY OF SIDNEY, OHIO,

    PLAINTIFF-APPELLEE,

    v.                                     CASE NO. 17-17-07

SPRING CREEK CORPORATION, ET AL.,

    DEFENDANTS-APPELLANTS,
    -and-

                                       O P I N I O N

MIAMI CONSERVANCY DISTRICT, ET AL.

    DEFENDANTS-APPELLEES.

Appeal from Shelby County Common Pleas Court
Trial Court No. 15 CV 000243

**Judgment Affirmed**

Date of Decision:   December 4, 2017

APPEARANCES:

    *Gregory B. O'Connor* **for Appellant, Spring Creek Corporation**

    *Scot A. Liberman* **for Appellant, Washington Township**

    *Stephen N. Haughey* **for Appellee City of Sidney, Ohio**

**PRESTON, P.J.**

{¶1} Defendants-appellants, Washington Township ("the Township") and Spring Creek Corporation ("Spring Creek") appeal the May 31, 2017 judgment entry of the Shelby County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, the City of Sidney ("Sidney"). For the reasons that follow, we affirm.

{¶2} This case concerns two parcels of land located in Washington Township, Ohio, near the city of Sidney, Ohio. The parcels of land ("the Property") are owned by Spring Creek and consist of approximately 237 acres of land that sit above part of a large aquifer. The aquifer provides water for the Township's residents. Approximately a decade ago, Sidney entered into negotiations with Spring Creek to purchase the Property, but negotiations faltered when the parties could not agree on a purchase price. Subsequent negotiations led to the execution of a purported conservation easement recorded on February 19, 2013 and an amendment recorded May 23, 2014.

{¶3} On October 28, 2015, Sidney commenced an action captioned as "Petition For Appropriation Of Real Property" against Spring Creek, the Township, the Miami Conservancy District ("the District"), and the Shelby County Treasurer asking the trial court to order conveyance of fee simple title of the Property to

Sidney once the Property's value could be determined. (Doc. No. 2). On November 20, 2015, the Township filed its answer. (Doc. No. 15).[1] On December 1, Spring Creek filed its answer. (Doc. No. 21).

{¶4} On September 2, 2016, Sidney filed a motion for summary judgment, arguing that there are no material facts in dispute with respect to the invalidity of the conservation easement and because the purpose and plain language of the conservation easement are contrary to public policy and Ohio law. (Doc. No. 68). On October 3, 2016, the Township filed a memorandum in opposition to Sidney's motion for summary judgment. (Doc. No. 73). On October 11, 2016, Sidney filed its response to the Township's memorandum in opposition to Sidney's motion for summary judgment. (Doc. No. 74). On January 9, 2017, the trial court issued an opinion concluding that the conservation easement between Spring Creek and the Township is void as a matter of public policy. (Doc. No. 76). The trial court filed its judgment entry granting summary judgment in favor of Sidney, dismissing the Township as a party, and certifying its entry as a final appealable order under Civ.R. 54(B) on May 31, 2017. (Doc. No. 86).

---

[1] The District also filed an answer. (Doc. No. 16).

{¶5} The Township filed its notice of appeal on June 26, 2017. (Doc. No. 94). Spring Creek filed its notice of appeal on July 6, 2017. (Doc. No. 97). Appellants bring one assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred In Granting Sidney's Motion For Summary Judgment.**

{¶6} In their sole assignment of error, appellants claim that the trial court erred in granting summary judgment in favor of Sidney. Specifically, appellants argue that the trial court erred in granting summary judgment in favor of Sidney because the conservation easement does not convey the Township or its residents the right to the aquifer to the exclusion of Sidney; rather, it conveys only Spring Creek's right to the reasonable use of the aquifer as expressly permitted by Ohio law. Appellants further argue that the trial court erred because the interest conveyed to the Township does not create a public trust—the only type of interest proscribed under the Ohio constitution. Appellants also argue that the trial court erred in granting summary judgment in favor of Sidney because Ohio's public policy favors conservation easements over the use of eminent domain.

{¶7} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a

matter of law, reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶8} According to the easement at issue in the instant case, its purpose is, in relevant part, to:

> retain, respect, and preserve the Aquifer area * * * predominantly in
> its current, natural condition, permitting, however, the authorized use
> of [the Property] for mining and mineral extraction and any other use
> that does not materially impact the quality and quantity of the
> Aquifer[.]

(Doc. No. 73, Ex. C, at 2).

{¶9} The easement provides that two mining and mineral extraction methods may be used. First, the easement provides that a mining and mineral extraction method substantially similar to what is known as the "wet mining technique" may be used on the smaller of the Property's two parcels. (*Id.* at 4). This method requires that the land be cleared and that any timber be harvested or removed. It also requires that topsoil and subsoil be stripped. The wet mining technique further requires the use of a hydraulic excavator or dragline to remove sand and gravel from the area beneath the water table. The mined products are then drained on site so that they

can be loaded on to trucks for transport. The easement further describes the parcel as fit for "dredging and utilizing bucket-dredges and suction equipment mounted on barges when economically feasible." (*Id.*).

{¶10} Second, the easement provides that a process similar to a method known as the "dry mining technique" may be used on the Property's larger parcel. (*Id.*). This technique, like the wet mining technique, requires that land be cleared and that soil be stripped. The dry mining process also requires the use of water pumps to lower the water table so that water can then be pumped into a nearby lake. This permits a hydraulic excavator or wheel loader to remove sand and gravel from the mine area for eventual transport. (*Id.*).

{¶11} The meaning of the term "conservation easement" is codified in R.C. 5301.67, which, as relevant here, provides:

> "Conservation easement" means an incorporeal right or interest in land that is held for the public purpose of retaining land, water, or wetland areas predominantly in their natural, scenic, open, or wooded condition * * * or retaining their use predominantly as suitable habitat for fish, plants, or wildlife[.]

R.C. 5301.67(A).

{¶12} The interpretation of R.C. 5301.67 as it relates to whether a particular easement is held for the purpose of retaining land "predominantly in [its] natural,

scenic, open, or wooded condition" arises as an issue of first impression before this Court.

{¶13} "We must first look to the plain language of the statute itself to determine the legislative intent." *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 18, quoting *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 11, citing *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997). We must apply a statute as written when its meaning is unambiguous and definite. *Portage City Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 52, citing *State ex. rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). An unambiguous statute must be applied as written in a manner consistent with the statutory language. *Summerville* at ¶ 11, citing *Burrows* at 81.

{¶14} We conclude that the instrument at issue in this case is not a conservation easement. The terms of the easement make clear that it is not intended to preserve the Property predominantly in its natural condition. Rather, the easement contemplates two separate mining processes on the Property, each of which requires altering the land substantially by the removal of timber, topsoil, and subsoil. The easement further contemplates the use of heavy excavation equipment to remove sand and gravel deposits and, as part of the "wet mining technique," the use of dredging equipment mounted on barges. Such processes, though purportedly

not intended to alter the condition of the aquifer, certainly do not preserve the Property as a whole predominantly in its natural condition. Although the trial court did not base its judgment on this rationale, a reviewing court will not reverse an otherwise correct judgment simply because the lower court utilized different or erroneous reasons as the basis for its determination. *Howard v. Chattahoochie's Bar*, 175 Ohio App.3d 578, 2008-Ohio-742, ¶ 5 (3d Dist.), citing *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.).

{¶15} There are no genuine issues of material fact as to whether the easement permits the activities described above. It appears from the record that reasonable minds can reach only one conclusion as to the validity of the easement—that it is invalid, and that conclusion is adverse to the appellants. Sidney is entitled to judgment as a matter of law. We conclude that the trial court did not err in granting summary judgment in favor of Sidney, and we therefore overrule the appellants' assignment of error.

{¶16} Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, concurs in Judgment Only.**
**SHAW, J.J., concur.**