[Cite as *State v. Hughes*, 2020-Ohio-3382.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                    :

                                      No. 19AP-385

v.                                                      :    (C.P.C. No. 14CR-5429)

Jennifer L. Hughes,                          :    (REGULAR CALENDAR)

      Defendant-Appellant.               :

D E C I S I O N

Rendered on June 18, 2020

**On Brief:** *Ron J. O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee. **Argued:** *Barbara A. Farnbacher.*

**On Brief:** *The Koffel Law Firm,* and *Bradley P. Koffel* for appellant. **Argued:** *Paul Giorgianni.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Jennifer L. Hughes, appeals from a decision of the Franklin County Court of Common Pleas denying her request that she be granted limited driving privileges. Because we conclude the trial court erred in denying appellant's motion on the grounds that it lacked the statutory authority to consider the motion on its merits, we reverse and remand the matter to the trial court.

## I. Facts and Procedural History

{¶ 2} On October 10, 2014, Hughes was indicted on two counts of operating a motor vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19 in case No.

No. 19AP-385

14CR-5429. On October 21, 2015, Hughes pled guilty to one count, a felony of the third degree. On January 20, 2016, an amended judgment entry was issued which included a driver's license suspension "for a period of Ten (10) YEARS to begin January 7, 2016 without work privileges." (Emphasis omitted.) (Jan. 20, 2016 Jgmt. Entry.) At the time of the foregoing conviction, Hughes' driver's license had already been suspended for a ten-year period ending on April 22, 2021 pursuant to a prior conviction for Operating a Vehicle under the Influence of Alcohol or Drugs, in violation of R.C. 4511.19, in Case No. 09CR-6959.

{¶ 3} On January 8, 2019, Hughes filed a "motion to terminate license suspension" in case No. 14CR-5429. On January 15, 2019, plaintiff-appellee, State of Ohio, opposed the motion on grounds there was no legal authority that authorized terminating Hughes' driver's license suspension. Subsequently, on March 6, 2019, Hughes filed a "memorandum of law regarding the court's authority to grant limited diving privileges."

{¶ 4} On May 30, 2019, the trial court issued its decision and entry denying Hughes' motion to terminate license suspension. In denying the motion, the trial court found as follows:

> [W]here there are two suspensions imposed by two courts, this Court does not find that [R.C. 4510.021] provides authority to grant Defendant limited driving privileges. Additionally, this Court does not find such authority to grant limited driving privileges in light of the fact that the other suspension was imposed prior to the suspension by this court and the Defendant's license will remain suspended pursuant to that suspension. Finally, this Court does not find it appropriate, under the circumstances, to terminate the balance of Defendant's 120-month (10 year) suspension imposed by this Court.

(May 30, 2019 Decision and Entry at 3.)[1]

{¶ 5} This timely appeal followed.

## II. Assignment of Error

{¶ 6} Appellant asserts one assignment of error for our review:

---

[1] We note there is a difference between terminating the suspension of a drivers' license and granting driving privileges for a limited purpose while a drivers' license is under suspension.

No. 19AP-385

> The trial court denied limited driving privileges on the ground that the court lacked statutory authority to do so.[2]

## III. Standard of Review

{¶ 7}  We agree with Hughes that this appeal presents an issue of statutory construction which is subject to a de novo standard of review.  *Clark v. State Teachers Ret. Sys.*, 10th Dist. No. 18AP-105, 2018-Ohio-4680, ¶ 16, citing *MA Equip. Leasing I, LLC v. Tilton*, 10th Dist. No. 12AP-564, 2012-Ohio-4668, ¶ 18.

## IV. Law and Analysis

{¶ 8}  In her sole assignment of error, Hughes contends that the trial court erred in denying her request for limited driving privileges on the basis that it did not have the authority to grant them under R.C. 4510.021.  We agree.

{¶ 9}  R.C. 4510.021(A) provides in relevant part:

> Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving privileges for any purpose described in division (A)(1), (2), or (3) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:
>
> (1) Occupational, educational, vocational, or medical purposes;
>
> * * *

{¶ 10}  The court's primary goal of statutory construction "is to give effect to the General Assembly's intent."  *Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Edn. Autism Scholarship Program*, 10th Dist. No. 16AP-398, 2017-Ohio-7834, ¶ 34, citing *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13, citing *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11.  "To determine legislative intent, we first look to the language of the statute."  *Id.*, citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 11, citing *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 1997 Ohio 310 (1997).  The statutory language must be considered in context, and the court must construe

---

[2] Although this is not so much an assignment of error as much as it is a statement of what the trial court determined, we presume appellant merely neglected to insert the words "The trial court erred when" in front of the statement as presented.

No. 19AP-385

words and phrases "according to the rules of grammar and common usage." *Id.*, citing *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 16.

{¶ 11} Where the words in a statute are " ' "free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." ' " *Silver Lining Group* at ¶ 34, quoting *Hairston* at ¶ 12, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. " 'It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute.' " *Id.* at ¶ 35, quoting *In re Adoption of Baby Boy Brooks*, 136 Ohio App.3d 824, 829 (10th Dist.2000). An ambiguity exists only "if the language of a statue is susceptible of more than one reasonable interpretation." *Id.*, citing *Columbus v. Mitchell*, 10th Dist. No. 16AP-322, 2016-Ohio-7873, ¶ 6.

{¶ 12} A review of the plain language of R.C. 4510.021 reveals it clearly and unequivocally provides that a court has authority to exercise its discretion in granting limited driving privileges for any of the purposes set forth in R.C. 4510.021(A), including for "[o]ccupational, educational, vocational, or medical purposes" as requested by Hughes. R.C. 4510.021(A)(1). To be sure, a court is limited in exercising its discretionary authority to grant limited driving privileges as provided in R.C. 2919.22 (relating to the offense of endangering children) and R.C. 4510.13(A); however, it is undisputed that none of those restrictions is applicable in this case.

{¶ 13} Moreover, none of the foregoing restrictions bars a court from exercising its discretionary authority to grant limited driving privileges merely because an applicant for such privileges has more than one license suspension pending, regardless of whether such multiple suspensions were issued by the same judge and/or court or not, and regardless of the order in which such multiple suspensions were imposed. Nor has any other section of the Ohio Revised Code been identified that would impose such a restriction on the discretionary authority of the court to grant limited driving privileges as permitted by R.C. 4510.21(A). If the General Assembly had intended to impose such a restriction, it would have included language in the statute evincing that intention.

{¶ 14} In short, we find that the words used in R.C. 4510.21 are "free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body,

[and therefore], there is no occasion to resort to other means of interpretation." (Quotations and citations omitted.) *Silver Lining Group* at ¶ 34. The statute clearly and unambiguously affords the trial court the discretionary authority to grant limited driving privileges for the reasons requested by Hughes, and it was error for the trial court to have found otherwise in this case. Accordingly, we sustain Hughes' sole assignment of error.

{¶ 15} Next, we address Hughes' two constitutional claims which have been asserted on appeal but were not raised below, to wit: (1) the trial court's application of R.C. 4510.21(A) violates the Equal Protection guarantees of the Constitutions of the United States and the State of Ohio; and (2) the trial court's application of R.C. 4510.021(A) violates the "uniform operation" provision of Article II, Section 26 of the Ohio Constitution. For the following reasons, we decline to proceed to the merits of these constitutional issues.

{¶ 16} First, "[p]arties cannot raise any new issues for the first time on appeal, and the failure to raise an issue at the trial level waives it on appeal." *Bell v. Teasley*, 10th Dist. No. 10AP-850, 2011-Ohio-2744, ¶ 15, citing *Gangale v. Bur. of Motor Vehicles*, 10th Dist. No. 01AP-1406, 2002-Ohio-2936, ¶ 13. Even a constitutional issue will not be addressed in the first instance by the court of appeals where it was not raised before the trial court. *See In re Andy-Jones*, 10th Dist. No. 03AP-1167, 2004-Ohio-3312, ¶ 20, citing *Bouquett v. Ohio State Med. Bd.*, 123 Ohio App.3d 466, 474 (10th Dist.1997). *See also In re Hinkle,* 10th Dist. No. 04AP-509, 2004-Ohio-6071, ¶ 32. As noted previously in this case, Hughes did not raise her constitutional claims in the trial court; therefore, they are waived.

{¶ 17} Second, we have held that "[t]his court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b) (stating "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments"). In this case, Hughes did not assert her constitutional claims as part of her assignment of error but merely raised them in her argument.

{¶ 18} Lastly, the Supreme Court of Ohio has "long held that '[c]onstitutional questions will not be decided until the necessity for a decision arises on the record before the court.' " *In re Application of Black Fork Wind Energy, L.L.C.,* 156 Ohio St.3d 181, 2018-

No. 19AP-385

Ohio-5206, ¶ 29, quoting *State ex rel. Herbert v. Ferguson,* 142 Ohio St. 496 (1944), paragraph two of the syllabus. In this case, we do not find the record before the court necessitates that the constitutional claims be decided. Therefore, for the foregoing reasons, we decline to consider the constitutional claims for the first time on appeal.

## V. Disposition

{¶ 19} In conclusion, the trial court erred in denying Hughes' request that she be granted limited driving privileges on the grounds that the trial court lacked the statutory authority to consider the request on its merits. Accordingly, we sustain Hughes' sole assignment of error. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with law and this decision.

*Judgment reversed and cause remanded.*

BROWN and DORRIAN, JJ., concur.