OPINION
{¶ 1} Jetarr Washington appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty of carrying a concealed weapon and of possessing crack cocaine. Specifically, he challenges the procedure by which his case was handled in the general division of the common pleas court ("the court of common pleas"), rather than in the juvenile division ("juvenile court"). He was seventeen at the time of the offenses.
 {¶ 2} On August 19, 2003, Washington was indicted for possessing crack cocaine, carrying a concealed weapon, and having weapons while under disability. The offenses were alleged to have occurred on or about August 12, 2003. Washington pled not guilty. On August 28, 2003, Washington filed a motion to dismiss on the ground that his bind-over in a previous case (Case No. 2002-CR-4168) had been improper. His motion also asserted that he had been found not guilty on the count of aggravated robbery in Case No. 2002-CR-4168 upon which the count of having weapons while under disability was premised, such that no such disability had existed on August 12, 2003. The court of common pleas overruled the motion to dismiss on the ground that a bind-over decision cannot be challenged in the court of common pleas, but must be appealed after conviction.
 {¶ 3} At the state's request, the trial court dismissed the count for having weapons while under disability. Washington pled guilty to possessing crack cocaine and carrying a concealed weapon. He was sentenced to six months for each offense, to be served concurrently with the sentence in Case No. 2002-CR-4168.
 {¶ 4} Washington raises one assignment of error on appeal.
 {¶ 5} "The trial court erred by overruling Jetarr Washington's Motion to dismiss the adult felony charges because there was never a proper `Bind-Over' by the Juvenile Court."
 {¶ 6} Washington contends that he was not properly bound over from the juvenile court. He states, "Simply because previous charges were litigated in adult court, does not give the common pleas court jurisdiction to try Jetarr as an adult. There must still be a bind-over from the juvenile court, giving up jurisdiction over the minor." Washington claims that his conviction is void because his case did not originate in the juvenile court. The state contends that, because Washington had previously been convicted of a felony in the court of common pleas, he no longer satisfied the statutory definition of a "child" over which the juvenile court had exclusive original jurisdiction. Washington does not deny that he had previously been convicted of a felony in the court of common pleas.
 {¶ 7} The juvenile court has exclusive original jurisdiction concerning any child who is alleged to be a delinquent. R.C.2151.23(A)(1) A "delinquent child" includes any child, except a juvenile traffic offender, who violates any law that would be an offense if committed by an adult. R.C. 2151.011(A)(12); R.C.2152.02(F)(1). For purposes of this appeal, it is undisputed that Washington committed acts that would be offenses if committed by an adult.
 {¶ 8} Washington relies on R.C. 2152.03, which provides:
 {¶ 9} "When a child is arrested under any charge, complaint, affidavit, or indictment for a felony or a misdemeanor, proceedings regarding the child initially shall be in the juvenile court in accordance with this chapter. If the child is taken before a judge of a county court, a mayor, a judge of a municipal court, or a judge of a court of common pleas other than a juvenile court, the judge of the county court, mayor, judge of the municipal court, or judge of the court of common pleas shall transfer the case to the juvenile court, and, upon the transfer, the proceedings shall be in accordance with this chapter. Upon the transfer, all further proceedings under the charge, complaint, information, or indictment shall be discontinued in the court of the judge of the county court, mayor, municipal judge, or judge of the court of common pleas other than a juvenile court subject to section 2152.12 of the Revised Code. The case relating to the child then shall be within the exclusive jurisdiction of the juvenile court, subject to section 2152.12 of the Revised Code."
 {¶ 10} Thus, Washington claims that his case should have been handled by the juvenile court. However, R.C. 2152.02(C)(1) provides:
 {¶ 11} "`Child'" means a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (6) of this section.
 {¶ 12} "* * *
 {¶ 13} "(5) Any person whose case is transferred for criminal prosecution pursuant to section 2152.02 of the Revised Code and who subsequently is convicted of or pleads guilty to a felony in that case * * * shall be deemed after the transfer * * * not to be a child in any case in which a complaint is filed against the person."
 {¶ 14} Washington does not deny that he had previously been convicted of a felony in the court of common pleas. We find the state's argument to be persuasive that, under these circumstances, no bind-over proceeding or hearing was required in the juvenile court before the matter could proceed in the court of common pleas. R.C. 2152.03 defines the juvenile court's jurisdiction in terms of proceedings involving a child. If Washington did not satisfy the statutory definition of a child, it follows that original jurisdiction over the charges against him did not lie with the juvenile court. We see no reason for the juvenile court to conduct a hearing under these circumstances, and we are unaware of any statutory requirement to that effect. Moreover, pursuant to R.C. 2152.12(A)(2), the juvenile court does not have any discretion regarding whether a defendant who has previously been convicted of a felony in the court of common pleas will be tried as an adult. It provides that the juvenile court "shall transfer a case in the circumstances described in [R.C. 2152.02(C)(5)]." As such, we do not see how Washington could have suffered any prejudice from the lack of bind-over proceedings in the juvenile court.
 {¶ 15} The assignment of error is overruled.
 {¶ 16} The judgment of the trial court will be affirmed.
Fain, P.J. and Grady, J., concur.
(Hon. James E. Walsh sitting by assignment of the Chief Justice of the Supreme Court of Ohio).