OPINION *Page 2 
{¶ 1} Defendant-Appellant, Carl W. Egler, Jr., appeals the judgment of the Defiance County Court of Common Pleas convicting him of rape. On appeal, Egler asserts that the trial court erred by failing to dismiss a faulty indictment against him and by denying his motion for a more specific bill of particulars. Based upon the following, we affirm the judgment of the trial court.
 {¶ 2} In December 2006, the Defiance County Grand Jury indicted Egler for ten counts of rape of a victim less than ten years of age in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. Each count in the indictment was identically worded, with the exception of the time period alleged, stating that:
 * * at Defiance County, Ohio, Carl W. Egler, Jr. did, engage in sexual conduct with another, not his spouse, the victim being less than thirteen (13) years of age, in violation of Section 2907.02(A)(1)(b) of the Revised Code, Rape, a Felony of the First Degree, punishable by life imprisonment, the victim being less than ten (10) years of age, and against the peace and dignity of the State of Ohio[.]
Each count enumerated a one-month period from January through October of 2006. The indictment stemmed from accusations by Egler's minor daughter, J.E., that he had sexually abused her. Egler subsequently entered a plea of not guilty to all counts in the indictment.
 {¶ 3} In April 2007, Egler moved for a bill of particulars requesting, in part, "the date, time and specific place on which the offense is alleged to have *Page 3 
occurred [and] the method or means by which the crime is alleged to have been committed."
 {¶ 4} In June 2007, the State filed a bill of particulars in response to Egler's request stating:
 The State expects the evidence to demonstrate that the offenses charged in Counts One through Ten of the Indictment reflect not less than ten separate incidents of sexual conduct between [Egler] and the same female victim, being a child who was less than 10 years of age at the time each act occurred, the child's date of birth being November 11, 1998. The State further expects the evidence to demonstrate that the above-referenced acts of sexual conduct occurred at a residence located at 28015 Jewell Rd. in Defiance County, Ohio. The State's evidence will further demonstrate that the sexual conduct referred to in each of the 10 counts included the act of fellatio involving the victim's mouth and [Egler's] penis. The evidence will further show that sexual conduct in the form of vaginal intercourse also occurred. The evidence will also show that the sexual conduct between [Egler] and the above-referenced child at the above-referenced location, occurred not less than once each month, each and every month between and including the months of January, 2006 and October, 2006. Lastly, the evidence will show that, at no time, was the child victim the spouse of [Egler].
(June 2007 Bill of Particulars, pp. 1-2).
 {¶ 5} Thereafter, Egler moved the trial court for an order that the prosecution provide a more defined bill of particulars, alleging that the June 2007 Bill of Particulars was insufficient as to the nature of the alleged acts and as to the dates of the alleged acts. Additionally, Egler filed a notice of alibi stating that he *Page 4 
was not at home with J.E. at the time of the alleged offenses, and that he would provide notice of his whereabouts once the state provided notice of the offenses.
 {¶ 6} In July 2007, Egler moved the trial court to dismiss the December 2006 indictment.
 {¶ 7} In October 2007, the trial court filed a judgment entry overruling Egler's June 2007 motion for a more defined bill of particulars. Additionally, the judgment entry provided that a negotiated plea agreement had taken place by which the State agreed to amend the first and last counts of rape by deleting the penalty enhancer that the victim was less than ten years of age in exchange for the defendant entering a plea of no contest to the two amended counts of rape. The remaining eight counts were dismissed pursuant to negotiations. At the hearing, Egler's counsel stated:
 * * * the defense does reserve the right to appeal the decisions as it [sic] pertains to the bill of particulars and the sufficiency thereof and the sufficiency of the indictment, but only those two issues.
(Oct. 2007 Hearing Tr., p. 5).
 {¶ 8} Thereafter, Egler moved to withdraw his not guilty pleas and entered a plea of no contest to both rape counts. The trial court accepted Egler's pleas and found him guilty of two counts of rape in violation of R.C. 2907.02(A)(1)(b). The trial court sentenced Egler to an eight-year prison term on the first count of rape and to a seven-year prison term on the last count of rape, to be served *Page 5 
consecutively for an aggregate fifteen-year prison term. Additionally, the trial court determined that Egler was an aggravated sexually oriented offender pursuant to R.C. 2950.
 {¶ 9} It is from this judgment that Egler appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED BY REFUSING TO DISMISS THE FAULTY INDICTMENT AGAINST MR. EGLER AND/OR TO ORDER THE STATE TO PROVIDE A MORE SPECIFIC BILL OF PARTICULARS, IN VIOLATION OF HIS RIGHT UNDER THE UNITED STATES CONSTITUTION AND UNDER THE OHIO CONSTITUTION TO PRESENTMENT.
 Assignment of Error No. II THE TRIAL COURT ERRED BY DENYING THE DEFENSE MOTION FOR A PROPER BILL OF PARTICULARS, IN VIOLATION OF THE RIGHT OF THE ACCUSED UNDER THE UNITED STATES CONSTITUTION AND UNDER THE OHIO CONSTITUTION TO NOTICE AND TO PROTECTION FROM DOUBLE JEOPARDY.
 Assignment of Error No. I {¶ 10} In his first assignment of error, Egler contends that the trial court erred in refusing to dismiss the indictment and in failing to order the State to provide a more specific bill of particulars, in violation of his right to presentment under the United States Constitution and the Ohio Constitution. Specifically, Egler claims that, because the indictment failed to specify the exact dates of each *Page 6 
alleged act, the prosecution was able to amend the indictment through a bill of particulars in violation of his constitutional rights; that, because the indictment failed to specify specific acts, the prosecution was able to amend the indictment through a bill of particulars; and, that the trial court wrongfully denied his motion for review by the trial court in camera of the grand jury transcripts to determine the nature of the specific facts considered by the grand jury and included in the indictment. Egler cites a Sixth Circuit appellate case,Valentine v. Konteh (C.A.6, 2005), 395 F.3d 626, in support of his argument. Additionally, we note that the State contends that Egler has waived his right to challenge the trial court's disposition of his motion to dismiss the indictment because he entered a plea of no contest.
 {¶ 11} Initially, we must address whether Egler's argument is barred because he entered a plea of no contest. Crim. R. 12(C) governs pretrial motions and provides that:
 Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 * * *
 (2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding); *Page 7 
 {¶ 12} Additionally, Crim. R. 12(I) discusses the effect of no contest pleas and provides that:
 The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion.
Accordingly, Egler is not barred from asserting that the trial court erred by overruling his pretrial motion to dismiss based on defects in the indictment by virtue of his no contest plea.
 {¶ 13} Next, we address whether the trial court erred in refusing to dismiss the indictment against Egler.
 {¶ 14} A motion to dismiss an indictment cannot properly be granted where the indictment is valid on its face. In determining whether an indictment is valid on its face, the proper inquiry is whether the allegations contained in the indictment constitute an offense under Ohio law. State v. Eppinger, 8th Dist. No. 85631, 2005-Ohio-4155; State v.Varner (1991), 81 Ohio App.3d 85; Elyria v. Elbert (1995), 9th Dist. Nos. 95CA006082 95CA006083, 1995 WL 592250.
 {¶ 15} Here, Egler was indicted for the offense of rape. Rape is governed by R.C. 2907.02, which provides that:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 * * * *Page 8 
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 {¶ 16} Here, the indictment charged Egler with ten counts of engaging in sexual conduct with a victim less than thirteen years of age who was not his spouse. Clearly, the allegations in the indictment constituted offenses under R.C. 2907.02. Thus, the indictment was valid on its face, and the trial court did not err in refusing to dismiss the indictment.
 {¶ 17} Further, Egler challenges the sufficiency of the evidence before the grand jury. However, where an indictment is facially valid, a defendant is precluded from challenging the sufficiency of the evidence before the grand jury. State v. Williams, 3d Dist. No. 1-01-63, 2002-Ohio-3623; State v. Nields, 93 Ohio St.3d 6, 19, 2001-Ohio-1291. Thus, as we have already determined that the indictment was facially valid, Egler is precluded from making this argument. Further, there is a presumption of regularity where there is no affirmative proof that the alleged error exists, and no affirmative proof exists here. SeeNields, supra.
 {¶ 18} Accordingly, we overrule Egler's first assignment of error.
 Assignment of Error No. II {¶ 19} In his second assignment of error, Egler contends that the trial court erred by denying his motion for a proper bill of particulars in violation of his rights to notice and to protection from double jeopardy under the United States *Page 9 
and Ohio Constitutions. Specifically, Egler claims that the bill of particulars' failure to specify the time of the acts alleged violates his constitutional rights because he is unable to provide a notice of alibi. Further, Egler analogizes his situation to that described inValentine, supra, and claims that the bill of particulars' failure to specify the nature of the alleged acts, coupled with the State's contention that many more than ten offenses occurred, violates his constitutional right to protection from double jeopardy because, even if acquitted of some of the counts, he could subsequently be prosecuted for other counts.
 {¶ 20} A criminal indictment is sufficient only if it "(1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy." Valentine, 395 F.3d at 631. Additionally, courts have found that:
 [w]here such crimes constitute sexual offenses against children, indictments need not state with specificity the dates of the alleged abuse, so long as the prosecution establishes that the offense was committed within the time frame alleged. This is partly due to the fact that the specific date and time of the offenses are not elements of the crimes charged. Moreover, many child victims are unable to remember exact dates and times, particularly where the crimes involved a repeated course of conduct over an extended period of time. The problem is compounded where the accused and the victim are related or reside in the same household, situations which often facilitate an extended period of abuse.
State v. Yaacov, 8th Dist. No. 86674, 2006-Ohio-5321 (internal citations omitted); see, also, State v. Mundy (1994), 99 Ohio App.3d 275. *Page 10 
 {¶ 21} In Valentine, supra, a defendant was convicted of twenty counts of rape, based on twenty identically worded indictments, and twenty counts of felonious sexual penetration, based on twenty identically worded indictments. The federal appeals court reversed all but one of the rape convictions and all but one of the sexual penetration convictions, finding that the prosecution "did not distinguish the factual bases of these charges in the indictment, in the bill of particulars, or even at trial." 395 F.3d at 628. Consequently, the federal court found that the defendant "had notice that he was charged with two separate crimes during the period of time specified in the indictment. But he had no way to otherwise identify what he was to defend against in the repetitive counts and no way to determine what charges of a similar nature could be brought against him in the future if he were re-indicted." 395 F.3d at 628-29. Noting the lessened requirement of specificity in regards to date and time for indictments for sexual offenses against children, the court distinguished Valentine's case, stating that:
 [t]he problem in this case is not the fact that the prosecution did not provide the defendant with exact times and places. If there had been singular counts of each offense, the lack of particularity would not have presented the same problem. Instead, the problem is that within each set of 20 counts, there are absolutely no distinctions made. [The defendant] was prosecuted for two criminal acts that occurred twenty times each, rather than for forty separate criminal acts. In its charges and in its evidence before the jury, the prosecution did not attempt to lay out the factual bases of forty separate incidents that took place. *Page 11 
395 F.3d at 632. Additionally, Valentine noted that this situation presents double jeopardy concerns, stating that:
 [w]ould double jeopardy preclude any prosecution concerning the abuse of this child victim, the abuse of this victim during the stated time period, the abuse of this victim at their residence, the stated sexual offenses in the indictment, the offenses offered into evidence at trial, or some other group of forty specific offenses? We cannot be sure what factual incidents were presented and decided by this jury. If [the defendant] had been found not guilty, it is not clear to what extent he could ably assert that his acquittal barred prosecution for other similar incidents.
395 F.3d at 635.
 {¶ 22} We find the case sub judice to be distinguishable fromValentine because the indictment and bill of information provided Egler with adequate notice of the offenses charged as well as protection against double jeopardy.
 {¶ 23} Here, the indictment does not specifically enumerate every instance of sexual conduct alleged by the victim over the ten-month period, but instead sets forth a single representative count of sexual conduct for each month during the ten-month period. This Court has previously found that "the details of every instance need not be established in the indictment itself. Rather, it is enough that the bill of particulars provide sufficient detail to connect each charge to a specific incident and provide the defendant with adequate notice of the crimes charged." State v. Van Voorhis, 3d Dist. No. 8-07-23,2008-Ohio-3224, ¶ 41, citing Valentine, 395 F.3d at 626. Here, the June 2007 Bill of Particulars provided that *Page 12 
"the sexual conduct referred to in each count of the indictment included the act of fellatio involving the victim's mouth and [Egler's] penis" and further specified that "sexual conduct in the form of vaginal intercourse also occurred." Further, the bill of particulars specified that each type of conduct occurred not less than once each month during the ten-month period. We find that the bill of particulars adequately provided Egler with notice of the conduct with which he was charged and against which he must defend. See Van Voorhis, 2008-Ohio-3224, at ¶¶ 42-43.
 {¶ 24} Additionally, we find that the indictment/bill of particulars did not prejudice Egler by making him unable to provide a notice of alibi. Courts have found that a defendant is entitled to specific dates where they are necessary for his defense — such as where he asserts an alibi. See Yaacov, supra. The Supreme Court of Ohio has provided the example that such prejudice may occur, and thus specific dates would be required, where "the defendant had been imprisoned or was indisputably elsewhere during part but not all of the intervals of time set out in the indictment." State v. Sellards (1985), 17 Ohio St.3d 169, 172
(emphasis added). In light of this example, courts have posited that, where a defendant generally denies all counts in the indictment, specific dates are no longer necessary. State v. Lawwill, 8th Dist. No. 88251, 2007-Ohio-2627, ¶ 14, citing Yaacov, supra. Here, as Egler's defense was a denial of any sexual conduct with J.E. and his notice of alibi contended that he was never alone with the child during *Page 13 
the ten-month period alleged, we cannot see how more specific dates and/or times would be necessary for his defense. See Sellards,17 Ohio St.3d at 172.
 {¶ 25} Finally, we find that the indictment protects Egler against double jeopardy because, unlike the defective indictment inValentine, Egler's indictment differentiated the counts by time period, each alleging a different month. As the counts are differentiated, we find that Egler is protected against a subsequent prosecution for the same conduct. See Van Voorhis, 2008-Ohio-3224, at ¶ 44.
 {¶ 26} As the indictment and bill of particulars provided Egler with notice and protected him from double jeopardy, the trial court did not err in denying Egler's motion for a more specific bill of particulars.
 {¶ 27} Accordingly, we overrule Egler's second assignment of error.
 {¶ 28} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1