[Cite as *State v. Wyerick*, 182 Ohio App.3d 500, 2009-Ohio-3153.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

The STATE OF OHIO,

    APPELLEE,                              CASE NO. 10-09-03

    v.

WYERICK,                                 **O P I N I O N**

    APPELLANT.

Appeal from Mercer County Common Pleas Court
Criminal Division
Trial Court No. 07 CRM 129

Judgment Affirmed

Date of Decision:  June 29, 2009

APPEARANCES:

    Matthew K. Fox, for appellee.

    William F. Kluge, for appellant.

    WILLAMOWSKI, Judge.

{¶1}   The defendant-appellant, Brett Wyerick, appeals the judgment of the Mercer County Common Pleas Court denying his motion to dismiss.  On appeal, Wyerick contends that the juvenile court had exclusive jurisdiction over his case, and therefore the common pleas court lacked jurisdiction.  For the reasons set forth herein, the judgment of the trial court is affirmed.

{¶2}   The parties have stipulated to the following facts:

In early May, 2006, the Rosengartens became suspicious that someone had been entering their home without their permission. Shortly thereafter, one of the children in the Rosengarten household returned home during the school day and found this defendant outside the Rosengarten house near the bushes.  She discovered that the entry door to the garage was ajar.  She secured the premises.

Sometime later, a minor daughter who was saving money in her upstairs bedroom in a water bottle for a class trip removed a significant amount of money for a down payment for the trip.

The next night she was awakened to someone moving her bedroom door and light from a flashlight illuminating the hallway.  The next day, all members of the household denied they had been up with a flashlight, and later that day, she discovered that a large portion of the remaining money had been removed from the water bottle.  With graduation approaching, and with only a suspicion that the defendant was the culprit, the family did not call law enforcement.

Immediately after learning of the apprehension of Brett Wyerick in the Fenning household for allegations and offenses ultimately charged and convicted in case no. 06-CRM-108, the Rosengartens contacted the Mercer County Sheriff's Office believing that Wyerick had also invaded their house and committed the above acts.

The water bottle was seized, was processed, and was found to have the Defendant's fingerprints on it.  This Defendant was never an invited guest in the Rosengarten household.

{¶3} On November 15, 2007, the Mercer County Grand Jury indicted Wyerick on three counts of burglary: the first, a violation of R.C. 2911.12(A)(2), a second-degree felony; the second, a violation of R.C. 2911.12(A)(3), a third-degree felony; and the third, a violation of R.C. 2911.12(A)(4), a fourth-degree felony; and one count of theft, a violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. On January 10, 2008, Wyerick filed a motion to dismiss in which he argued that the juvenile court had exclusive jurisdiction over the proceedings because he had been a child at the time the offenses were committed. The state responded, and on February 1, 2008, the trial court overruled Wyerick's motion. The court determined that if the case had been brought in juvenile court, bindover to common pleas court would have been mandatory under R.C. 2152.12(A)(2) and 2152.02(C)(5).

{¶4} Wyerick pleaded not guilty to each of the charges at arraignment. On January 12, 2009, the trial court held a change-of-plea hearing at which Wyerick withdrew his previously tendered plea of not guilty on the second-degree felony burglary and pleaded no contest. The state dismissed the remaining charges. Filed to accompany the change of plea hearing were a written waiver of constitutional rights before entering a no contest plea, a stipulation of facts on a no contest plea, and a negotiated plea agreement. The trial court found Wyerick guilty of second-degree felony burglary and ordered the completion of a presentence-investigation report. The trial court later sentenced Wyerick to serve

three years in prison consecutively to the sentence he was serving in Mercer County Common Pleas Court case No. 06-CRM-108. Wyerick appeals the judgment of the trial court, asserting one assignment of error for our review.

### *Assignment of Error*

> The court erred in overruling Appellant's motion to transfer the case back to the juvenile court and retaining jurisdiction.

{¶5} To support his assignment of error, Wyerick contends that he was a "child," having been 17 at the time the offense was committed in the instant case. Because he was a "child" at the time of the offense, he claims that the juvenile court had exclusive jurisdiction of the proceedings. Wyerick argues that a "child" may be tried in the general division of common pleas court but only after being bound over, and he was not bound over from the juvenile court in this case. However, Wyerick acknowledges that a person may be tried in the general division of common pleas court if the person no longer meets the statutory definition of "child." Wyerick contends that the state prosecuted case No. 06-CRM-108 before the instant matter "in an effort to frustrate the jurisdiction of the Juvenile Division."

{¶6} In response, the state contends that due to Wyerick's conviction in case No. 06-CRM-108, he no longer satisfied the statutory definition of "child," and prosecution in the general division of the common pleas court was proper. The state rebuts Wyerick's argument that it intentionally delayed prosecution by

stating that the investigation of the instant matter was not commenced until after charges had been filed in case No. 06-CRM-108. However, the state also argues that it has discretion in presenting its cases and that the statute of limitations had not tolled on the instant offense.

**{¶7}** Initially, we note that Wyerick raised the trial court's alleged lack of jurisdiction through a motion to dismiss, which the trial court denied. Wyerick subsequently pleaded no contest to the second-degree felony burglary charge. Accordingly, his appeal is not barred. Crim.R. 12(C)(2) and (I). See also *State v. Egler*, 3d Dist. No. 4-07-22, 2008-Ohio-4053, at ¶ 11-12.

**{¶8}** A trial court's decision denying a motion to dismiss is reviewed by an appellate court for an abuse of discretion. *State v. Yarger*, 3d Dist. No. 7-08-05, 2009-Ohio-543, at ¶ 6, citing *State v. Hicks*, 3d Dist. Nos. 14-07-26 and 14-07-31, 2008-Ohio-3600, at ¶ 17, citing *State v. Collins*, 12th Dist. No. CA2007-01-010, 2007-Ohio-5392, citing *State v. Benton* (2000), 136 Ohio App.3d 801, 805, 737 N.E.2d 1046. An " ' "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

**{¶9}** The juvenile court has exclusive, original jurisdiction over any child who, on the date specified in the indictment, is alleged to be a delinquent child.

2151.23(A)(1). The term "child" is defined as "a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (6) of this section." R.C. 2152.02(C)(1). Under R.C. 2152.02(C)(5), if a person has previously had a case transferred from juvenile court pursuant to R.C. 2152.12 and has been "convicted of or pleads guilty to a felony in that case," the person "*shall* be deemed after the transfer or invocation not be a child in any case in which a complaint is filed against the person." (Emphasis added). " 'The word "shall" has been consistently interpreted to make mandatory the provision in which it is contained, absent a clear and unequivocal intent that it receive a construction other than its ordinary meaning.' " *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, at ¶ 19, quoting *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 3-4, 511 N.E.2d 1138, citing *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 271 N.E.2d 834, at paragraph one of the syllabus.

{¶10} In reading a statute, we are required to "ascertain and give effect to the legislature's intent in enacting the statute." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, at ¶ 9, citing *Brooks v. Ohio State Univ.* (1996), 111 Ohio App.3d 342, 349, 676 N.E.2d 162. If the language of the statute is unambiguous, we must apply it "in a manner consistent with the plain meaning of the statutory language." Id., citing *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519, *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, at ¶ 52, citing *State ex rel.*

*Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463, *State ex rel. Burrows* (1997), 78 Ohio St.3d 78, 676 N.E.2d 519. We hold that the language of R.C. 2152.02(C) is clear and unambiguous. Wyerick was convicted of felony offenses in case No. 06-CRM-108 and therefore is not a "child" as defined in R.C. 2152.02(C). Accordingly, Wyerick was not a "child" subject to the exclusive jurisdiction of the juvenile court and was not entitled to bindover proceedings for the offenses charged in this case.

{¶11} Had these proceedings been filed in juvenile court, a transfer to the general division of the common pleas court would have been mandatory under R.C. 2152.12(A)(2), which states, "[t]he juvenile court also *shall* transfer a case in the circumstances described in division (C)(5) of section 2152.02 of the Revised Code * * * ." (Emphasis added.) Despite Wyerick's basic contention that the state should have prosecuted the instant offense and case No. 06-CRM-108 in chronological order based on the dates the offenses were committed, we find no statutory or other authority to support such a proposition.

{¶12} Finally, we note that in *State v. Washington*, 2d Dist. No. 20218, 2004-Ohio-5283, at ¶ 14, the court held that if a defendant "did not satisfy the statutory definition of a child, it follows that original jurisdiction over the charges against him did not lie with the juvenile court." As Wyerick points out, *Washington* is factually distinguishable from this case; however, the proposition of

law is applicable, and we agree with our sister court.  The sole assignment of error is overruled.

**{¶13}** The judgment of the Mercer County Common Pleas Court is affirmed.

Judgment affirmed.

PRESTON, P.J., and ROGERS, J., concur.