JUDGES: Hon. Carol Ann Robb, Hon. Gene Donofrio, Hon. Mary DeGenaro
OPINION
ROBB, P.J.
{¶ 1} Defendant-Appellant Nathaniel Baker appeals from his drug convictions entered in Columbiana County Common Pleas Court. Appellant contends the trial court lacked jurisdiction to try him because the case was directly filed in the general division of the common pleas court rather than being filed in and then transferred from juvenile court. This argument has merit. Consequently, the trial court's judgment is reversed, Appellant's convictions are vacated, and the case is remanded with orders to transfer the case to juvenile court.
{¶ 2} Appellant also asks for application of the Ohio Supreme Court's 2016 Aalim case which severed the statutory requirements of mandatory transfer and held that children are constitutionally entitled to an amenability hearing. As the cited case (which is now known as " Aalim I ") was vacated on reconsideration by the Supreme Court, this argument fails. Appellant's alternative argument about his waiver of his right to discovery is moot.
STATEMENT OF THE CASE
{¶ 3} On May 12, 2016, multiple heroin overdoses occurred in a matter of hours in the East Liverpool area. One of the heroin addicts who overdosed admitted to police where he obtained the drugs. A confidential informant went to the suspected house *983 to purchase heroin. A female answered the door and said she would take the money to the two men upstairs. After the controlled heroin purchase, a search warrant was issued. Upon execution of the search warrant, the police found three people in the upstairs bedroom: Appellant, Davante Jackson, and the heroin addict who originally disclosed the location to police. The police also found scales and 6.35 grams of heroin laced with fentanyl in the bedroom.
{¶ 4} Appellant was arrested; he was 17 years old (dob 8/14/98). Two complaints were filed against him in the East Liverpool Municipal Court on May 17, 2016. In 16CRA983, he was charged with felony drug possession. In 16CRB983, he was charged with the misdemeanor offense of falsification. According to a police report attached to the complaints, Appellant was placed in the local juvenile detention facility where he informed an officer he was considered an adult due to a prior court case. Also filed in the municipal court case was a copy of an October 16, 2014 journal entry wherein the Cuyahoga County Juvenile Court ordered a discretionary transfer of a prior case against Appellant to the Cuyahoga County Common Pleas Court.
{¶ 5} On May 18, 2016, Appellant appeared and counsel was appointed for his preliminary hearing to be held the next day. At the preliminary hearing, he appeared with counsel and waived his right to a preliminary hearing. The municipal court bound over the felony case to the common pleas court and transferred the misdemeanor case pursuant to Crim.R. 5(B). The grand jury indicted Appellant on two counts of drug possession involving: (1) heroin in an amount equaling or exceeding five grams but less than ten grams, a third-degree felony, and (2) fentanyl, a fifth-degree felony.
{¶ 6} At the August 1-2, 2016 jury trial, Appellant testified in his own defense. In response, the state submitted a July 7, 2015 judgment entry from the Cuyahoga County Common Pleas Court sentencing Appellant upon his guilty pleas to amended charges of attempted criminal gang activity, attempted robbery, extortion, and misdemeanor assault. See State's Exhibit No. 22.[1] In the present case, the jury found Appellant guilty as charged. The trial court sentenced him to thirty months on count one and eleven months on count two to be served concurrently. Appellant filed a timely notice of appeal from his August 9, 2016 sentencing entry.
{¶ 7} Appellant sets forth four assignments of error. The following three assignments of error (one, two, and four) deal with the lack of a transfer from juvenile court: (1)(a) the general division of the common pleas court ("criminal court") lacked jurisdiction due to the statutory requirement of transfer (aka bindover) by the juvenile court, and (b) Aalim I eliminated mandatory transfer and imposed discretionary transfer procedures for cases which were previously subject to mandatory transfer; (2) the defendant did not waive his right (under Aalim I ) to an amenability hearing; and (3) counsel was ineffective for failing to object to the criminal court's exercise of jurisdiction over a juvenile without a juvenile court transfer (or without an amenability hearing per Aalim I ). See *984 State v. Aalim , 150 Ohio St.3d 463, 2016-Ohio-8278, 89 N.E.3d 862 (" Aalim I "). Appellant's third assignment of error deals with the trial court's inquiry after newly-appointed defense counsel placed on the record the fact that neither he nor former counsel requested discovery but he would proceed with trial as Appellant did not want him to ask for a continuance.
LACKING JUVENILE COURT TRANSFER: Statutory Violation
{¶ 8} Appellant's first assignment of error contends:
"The Columbiana County Common Pleas Court lacked jurisdiction to enter a conviction because Nathaniel Baker's case was required to be initiated in Columbiana County Juvenile Court, in violation of R.C. 2152.12(A)(2)(a) ; Article I, Section 16, Ohio Constitution ; and, State v. Aalim , Slip Opinion No. [150 Ohio St.3d 463] 2016-Ohio-8278 [83 N.E.3d 862]."
{¶ 9} This assignment of error is divided into two distinct arguments: statutory and constitutional. The first issue presented for review asks: "Did the common pleas court err as a matter of statutory law when it entered a conviction against Nathaniel Baker when the juvenile court never transferred jurisdiction to the adult, criminal court?"
{¶ 10} Appellant's threshold argument contends the state was not permitted to directly file an adult criminal action against him merely because he was subject to R.C. 2152.02(C)(5). Appellant contends the criminal court lacked subject matter jurisdiction to try and convict him because the juvenile court did not transfer jurisdiction to the criminal court. Instead, the state decided to directly charge Appellant as an adult even though he was 17 at the time of the offense, apprehension, and trial. The state argues it was permitted to directly charge Appellant in criminal court due to language in R.C. 2152.02(C)(5) excluding Appellant from the definition of a child as a result of his prior Cuyahoga County case where he was transferred to the common pleas court, convicted of felonies, and sentenced to adult sanctions.
{¶ 11} R.C. 2152.10(A) provides: "A child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in any of the following circumstances: (1) [involving category one offenses;] (2) [involving category two offenses; or] (3) Division (A)(2) of section 2152.12 of the Revised Code applies." Pursuant to R.C. 2152.12(A)(2),
The juvenile court also shall transfer a case in the circumstances described in division (C)(5) of section 2152.02 of the Revised Code or if either of the following applies:
(a) A complaint is filed against a child who is eligible for a discretionary transfer under section 2152.10 of the Revised Code and who previously was convicted of or pleaded guilty to a felony in a case that was transferred to a criminal court.
(b) A complaint is filed against a child who is domiciled in another state [with laws that do not require transfer by the juvenile court].
(Emphasis added.) R.C 2152.12(A)(2). It is the initial emphasized portion said to be applicable here (rather than the subdivisions, which are provided for context).[2] We *985 turn to R.C. 2152.02(C)(5), the section cited in the beginning of R.C. 2152.12(A)(2).
{¶ 12} Initially, division (C) of R.C. 2152.02 defines the term "child" as a person who is under 18, except as otherwise provided in (C)(2) through (8). Division (C)(5) provides:
Any person whose case is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code and who subsequently is convicted of or pleads guilty to a felony in that case , unless a serious youthful offender dispositional sentence is imposed on the child for that offense under division (B)(2) or (3) of section 2152.121 of the Revised Code and the adult portion of that sentence is not invoked pursuant to section 2152.14 of the Revised Code, and any person who is adjudicated a delinquent child for the commission of an act, who has a serious youthful offender dispositional sentence imposed for the act pursuant to section 2152.13 of the Revised Code, and whose adult portion of the dispositional sentence is invoked pursuant to section 2152.14 of the Revised Code, shall be deemed after the conviction, plea, or invocation not to be a child in any case in which a complaint is filed against the person .
(Emphasis added.) R.C. 2152.02(C)(5). The parties agree the first option in R.C. 2152.02(C)(5) applies to Appellant. See Apt. Reply Br. at 1; State's Brief at 3. The dispute is over the effect of the language "shall be deemed after the conviction * * * not to be a child in any case in which a complaint is filed against the person."
{¶ 13} Although R.C. 2152.12(A)(2) provides the juvenile court shall transfer a case in the circumstances described in R.C. 2152.02(C)(5) and does not refer to a child, the state argues Appellant lost his status as a child as a result of his prior case and lost the protections in Chapter 2152 to which the definitions in R.C. 2152.02 apply. See R.C. 2152.02 ("As used in this chapter * * *"). The state emphasizes the word "child" in the following statutory language: "When a child is arrested under any charge, complaint, affidavit, or indictment for a felony or a misdemeanor, proceedings regarding the child initially shall be in the juvenile court in accordance with this chapter." See R.C. 2152.03 (then instructing: "If the child is taken before a judge of a county court, a mayor, a judge of a municipal court, or a judge of a court of common pleas other than a juvenile court, the judge * * * shall transfer the case to the juvenile court, and, upon the transfer, the proceedings shall be in accordance with this chapter."). Additionally, R.C. 2152.10(A)(3) states, "[a] child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in any of the following circumstances: * * * Division (A)(2) of section 2152.12 of the Revised Code applies."
{¶ 14} Regardless, R.C. 2152.12(A)(2) provides the juvenile court shall transfer a case in the circumstances described in R.C. 2152.02(C)(5) without referring to "the child." R.C. 2152.12(A)(2). Compare R.C. 2152.12(A)(1)(a)-(b), (B). Furthermore, R.C. 2152.12(H) specifies:
No person, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen years of age, unless the person has been transferred as provided in division (A) or (B) of this section or unless division (J) of this section applies. Any prosecution that is had in a criminal court on the mistaken belief that the person who is the subject of the case was eighteen years of age or older at the time of the commission of the offense shall be deemed a nullity, and the person shall *986 not be considered to have been in jeopardy on the offense.
As Appellant points out, division (H) uses the word "person" rather than "child."
{¶ 15} Division (H) requires a transfer under (A) or (B) before an adult prosecution can occur, except where division (J) applies. Between division (A) and (B), the pertinent specific subsection is (A)(2) of R.C. 2152.12, which provides the juvenile court shall transfer a case where R.C. 2152.02(C)(5) applies . As for division (J), it is undisputed the exception in division (J) is inapplicable to this case. Pursuant to R.C. 2152.12(J),
If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (A) and (B) of this section do not apply regarding the act, and the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act. All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case as it has in other criminal cases in that court.
This is the only exception to the requirement of a transfer from juvenile court before prosecution can occur in criminal court if the person committed the act prior to becoming 18 years old. R.C. 2152.12(H). Appellant was not 21. In fact, he was still 17 at the time of trial. Accordingly, division (J) does not apply.
{¶ 16} Two appellate cases have interpreted R.C. 2152.02(C)(5) in accordance with the state's position here: when R.C. 2152.02(C)(5) applies, the juvenile is no longer statutorily considered a child and charges can be directly filed against the juvenile in criminal court without a juvenile court transfer ever occurring. State v. Wyerick , 182 Ohio App.3d 500, 2009-Ohio-3153, 913 N.E.2d 523, ¶ 12 (3d Dist.), quoting State v. Washington , 2d Dist. No. 20218, 2004-Ohio-5283, 2004 WL 2245103, ¶ 14 (if a defendant "did not satisfy the statutory definition of a child, it follows that original jurisdiction over the charges against him did not lie with the juvenile court."). However, there are various issues with these decisions.
{¶ 17} First, the cases emphasize how the word "shall" (in the phrase "shall be deemed * * * not to be a child") is mandatory. Wyerick , 182 Ohio App.3d 500, 2009-Ohio-3153, 913 N.E.2d 523 at ¶ 9, 11 ; Washington , 2d Dist. No. 20218 at ¶ 14. However, all the mandatory transfer subdivisions use the word shall, but it does not eliminate the jurisdiction of the juvenile court and permit direct filing in criminal court for all types of mandatory transfer. Similarly, the Washington case alternatively found a lack of prejudice to the juvenile due to the fact that, if the case had been initiated in juvenile court, the juvenile court would have been required to transfer the case. Washington , 2d Dist. No. 20218 at ¶ 14. However, as discussed further infra, the lack of a transfer from juvenile court where one is required is a jurisdictional issue, which cannot be eliminated by waiver or by an alleged lack of prejudice to the juvenile. See, e.g., State v. Wilson , 73 Ohio St.3d 40, 652 N.E.2d 196 (1995). Neither Wyerick nor Washington discussed whether "shall be deemed" is a *987 self-executing label and/or which court performs the determination. Most notably, neither case discussed R.C. 2152.12(H), which is key to our analysis.
{¶ 18} Division (C)(5) of 2152.02 (the definition statute) must be read in the context of the statutory scheme, most notably divisions (A)(2) and (H) of 2152.12. The language "shall be deemed * * * not to be a child in any case in which a complaint is filed against the person" is a definition to be used when a juvenile court ascertains whether a transfer is mandatory under R.C. 2152.12(A)(2). It is not an instruction to police and prosecutors on where to charge a person. It is the juvenile court who is to declare whether a transfer is mandatory due to the existence of the circumstances described in R.C. 2152.02(C)(5). See R.C. 2152.12(A)(2), (H). See also R.C. 2152.12(I) (requiring the juvenile court to state on the record the reasons for a transfer made under R.C. 2152.12(A) without limiting the requirement to certain subsections within (A); and stating the transfer abates the jurisdiction of the juvenile court and places it within the jurisdiction of the court to which it is transferred), citing R.C. 2151.23(H) (the court to which the case is transferred for criminal prosecution "has jurisdiction subsequent to the transfer").
{¶ 19} In other words, it is the juvenile court's duty to ascertain whether the person's prior case was transferred for criminal prosecution under R.C. 2152.12 and whether he was subsequently convicted of a felony in the case. The use of the word "complaint" in R.C. 2152.02(C)(5) reinforces the conclusion the statute is speaking to the juvenile court with instructions on what to deem the person. In fact, the Supreme Court has ruled the statutory phrase "shall be deemed" is not an automatic, self-executing label. Corban v. Chesapeake Exploration, L.L.C. , 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089, ¶ 20, applying former R.C. 5301.56 (1989 Dormant Mineral Act was not self-executing merely because it stated: "Any mineral interest held by any person, other than the owner of the surface of the lands subject to the interest, shall be deemed abandoned and vested in the owner of the surface * * *").
{¶ 20} In sum, this court concludes the language of R.C. 2152.12(H) is plain: "No person, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen years of age, unless the person has been transferred as provided in division (A) or (B) of this section or unless division (J) of this section applies." The language of R.C. 2152.12(A)(2) is also plain: "The juvenile court shall also transfer a case in the circumstances described in decision (C)(5) of section 2152.02 of the Revised Code * * *." Appellant's offenses were committed prior to turning 18, division (J) does not apply (as he was not 21), and he was not transferred as provided in division (A) or (B) of R.C. 2152.12. Accordingly, the criminal court lacked jurisdiction to prosecute Appellant.
{¶ 21} Appellant's fourth assignment of error raises ineffective assistance of counsel, arguing counsel should have objected to the criminal court's exercise of jurisdiction in the absence of the juvenile court transfer of jurisdiction to which Appellant was statutorily entitled. Appellant did not raise the issue below. However, plain error is an option for review. See Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); State v. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22 (an appellate court's invocation of plain error requires the existence of an obvious error which affected substantial rights). Appellant also cites the D.W.
*988 case, where the Supreme Court permitted the defendant to raise a transfer issue for the first time on appeal without limiting the review to mere plain error, even where there was a bindover (just not a proper one). See, e.g., State v. D.W. , 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, fn. 2. The Court alternatively noted the state failed to claim the defendant waived the issue by failing to object below. Id. Here, the state also does not claim the defendant waived this issue.
{¶ 22} More importantly, the transfer from juvenile court, whether mandatory or discretionary, is the relinquishment of the exclusive jurisdiction statutorily-bestowed upon the juvenile court. The matter is one of subject matter jurisdiction. See R.C. 2152.03 (when a child is arrested, proceeding shall initially be in the juvenile court; if the child is taken before a judge other than the judge of the juvenile court, the judge shall transfer to juvenile court and the case shall then be within the exclusive jurisdiction of the juvenile court); R.C. 2151.23(A)(1) (the juvenile court has exclusive original jurisdiction concerning a child, who on the date in the complaint, information, or indictment, is alleged to be a delinquent child); R.C. 2152.12(H) (formerly R.C. 2151.26(E), which previously stated "No child * * *" rather "no person" as is contained in the current statute).
{¶ 23} In Wilson , the case against the juvenile was improperly initiated in the criminal court. See Wilson , 73 Ohio St.3d 40, 652 N.E.2d 196. The Supreme Court held: "absent a proper bindover procedure pursuant to [former] R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." Id. at 44, 652 N.E.2d 196, citing, e.g. , former R.C. 2151.26(E). The Court concluded the general division lacked subject matter jurisdiction to convict the defendant rendering the conviction against him void ab initio. Wilson , 73 Ohio St.3d at 44, 652 N.E.2d 196 (noting subject matter jurisdiction cannot be waived).
{¶ 24} Thereafter, the Supreme Court found a common pleas court conviction to be void ab initio as the juvenile court failed to ensure a physical examination was performed before bindover (as formerly required by statute). State v. Golphin , 81 Ohio St.3d 543, 547, 692 N.E.2d 608 (1998), citing Wilson , 73 Ohio St.3d 40, 652 N.E.2d 196. See also State ex rel. Johnson v. Timmerman-Cooper , 93 Ohio St.3d 614, 757 N.E.2d 1153 (2001) (writ issued due to general division's lack of subject matter jurisdiction where juvenile was subjected to mandatory bindover even though it was uncontroverted she did not engage in behavior necessary for firearm option). The Court concluded the appellate court "correctly reversed and remanded the cause to the common pleas court with instructions that the judgment of conviction against defendant be vacated. Upon implementation of that mandate, the cause must then be further remanded to the juvenile court for adjudication of the matters raised in the delinquency complaint, including possible resumption of bindover procedures." Golphin , 81 Ohio St.3d at 547, 692 N.E.2d 608.
{¶ 25} In sum, Appellant's convictions are vacated, and the case is remanded with instructions for the trial court to vacate the convictions and to transfer the case to the juvenile court under R.C. 2152.03. "The case relating to the child then shall be within the exclusive jurisdiction of the juvenile court, subject to section 2152.12 of the Revised Code." R.C. 2152.03.
Entitlement to Amenability Hearing under Supreme Court's Aalim I case & Supreme Court's Subsequent Vacation of Aalim I
{¶ 26} The second issue presented under Appellant's first assignment of error presents *989 a constitutionality argument in reliance on the Ohio Supreme Court's Aalim I case. Appellant's fourth assignment of error raises Aalim I as well, arguing there was ineffective assistance of counsel for failing to raise constitutionality of the mandatory transfer statutes as raised in Aalim I . Appellant's second assignment of error notes he did not waive any amenability hearing required by Aalim I .
{¶ 27} On December 22, 2016, the Ohio Supreme Court (by a 4-3 vote) found the mandatory transfer of a juvenile to the common pleas court violates the juvenile's right to due process under Article I, Section 16 of the Ohio Constitution. State v. Aalim , 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862, paragraph one of the syllabus (" Aalim I "). The discretionary transfer process, set forth in R.C. 2152.10(B) and 2152.12(B) through (E), was recognized as satisfying due process. Id. at paragraph two of the syllabus. Upon finding the mandatory transfer provisions in R.C. 2152.10(A) and 2152.12(A) unconstitutional, the Court severed those provisions. Id. at ¶ 29. "After the severance, transfers of juveniles previously subject to mandatory transfer may occur pursuant to R.C. 2152.10(B) and 2152.12(B) [the discretionary transfer provisions]." Id. The Aalim I Court reversed the judgment of the appellate court (which affirmed the conviction) and remanded to the juvenile court for an amenability hearing. Id. at ¶ 32.
{¶ 28} The Supreme Court then applied Aalim I without regard to the defendant's waiver of the issue in the trial court. See State v. D.B. , 151 Ohio St.3d 60, 2016-Ohio-8334, 86 N.E.3d 267 ; State v. Lee , 151 Ohio St.3d 62, 2016-Ohio-8469, 86 N.E.3d 268. Appellant asks us to apply Aalim I here to require an amenability hearing in his case (after sustaining his first issue presented, regarding the statutory requirement of a transfer). The state argues Aalim I is inapplicable to the type of mandatory transfer at issue in this case. See, e.g., Aalim I , 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862 at ¶ 24-25, fn. 3.
{¶ 29} On February 22, 2017, the Supreme Court (with two new justices) stayed execution of judgment in Aalim I due to a pending motion to reconsider. On May 25, 2017, the Ohio Supreme Court issued its reconsideration decision in Aalim II , vacating its prior Aalim I decision and concluding the mandatory transfer of juveniles under the statutory scheme is not unconstitutional. State v. Aalim , 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883 (" Aalim II ").
{¶ 30} The Court held the mandatory transfer statutes were not violative of Ohio's Constitution because Article IV, Section 4(B) of the Ohio Constitution grants exclusive authority to the General Assembly to determine the subject matter to be allocated to the exclusive original jurisdiction of specified divisions of the courts of common pleas. Id. at ¶ 1-2. The Court concluded: "mandatory bindover of certain juveniles to adult court under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) does not violate the Due Course of Law Clause or the Equal Protection Clause of the Ohio Constitution and the analogous provisions of the Fourteenth Amendment to the United States Constitution." Id. at ¶ 4.
{¶ 31} In sum, Appellant's brief asks this court to apply the holding in Aalim I to conclude he is entitled to an amenability hearing on remand. However, as the decision relied upon by Appellant was vacated by the Supreme Court on reconsideration, a person subject to a mandatory transfer statute is not entitled to an amenability hearing. Consequently, Appellant's arguments about the right to an amenability hearing (presented under the vacated Aalim I decision) are overruled as they are *990 without merit and moot due to the Ohio Supreme Court's Aalim II decision.
{¶ 32} Lastly, Appellant's third assignment of error claims the trial court did not ensure he knowingly, intelligently, or voluntarily waived his right to discovery before trial. This assignment of error is moot due to our decision under prior assignments of error. For the foregoing reasons, the trial court's judgment is reversed, Appellant's convictions are vacated, and the case is remanded with orders to transfer the case to juvenile court.
Donofrio, J., concurs.
DeGenaro, J., concurs.

The Cuyahoga Common Pleas Court sentenced him to 12 months in jail for the attempted robbery and six months for the misdemeanor (with credit for 233 days). He was given 48 months of community control and was notified a violation could result in a sentence of 36 months on the felonies to run consecutive for a total of 72 months in prison. An August 17, 2015 nunc pro tunc entry added an order to transport the defendant to the Ohio Department of Youth Services to serve the remainder of a juvenile sentence and to be returned to the county jail to serve the remainder of the adult sentence before beginning the 48 months of community control.

Division (A)(1)(a) deals with the mandatory transfer criteria for category one offenses, and division (A)(1)(b) deals with the mandatory transfer criteria for category two offenses; both begin, "After a complaint has been filed alleging that a child is a delinquent child * * * the juvenile court at a hearing shall transfer the case if * * *." R.C. 2152.12(A)(1)(a)-(b). If not for the emphasized portion, subdivision (a) may have required mandatory transfer.