[Cite as *State v. Taylor*, 2018-Ohio-3998.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106502

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELIJAH TAYLOR

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-616272-A

**BEFORE:** Stewart, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 27, 2018

[Cite as *State v. Taylor*, 2018-Ohio-3998.]

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

Victoria Bader
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, OH 43125


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Jonathan Block
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

[Cite as *State v. Taylor*, 2018-Ohio-3998.]
MELODY J. STEWART, P.J.:

{¶1} A complaint filed in the juvenile division charged 16-year-old defendant-appellant Elijah Taylor with committing acts that, if committed by an adult, would constitute felony offenses of aggravated robbery, kidnapping, and having a weapon while under disability. All three counts of the complaint contained firearm specifications. After finding probable cause to believe that Taylor committed the acts as charged, the juvenile court transferred the case to the general division. Taylor pleaded guilty to a single count of aggravated robbery with a one-year firearm specification. In this appeal, he complains that the victim's uncertainty in identifying him meant that the juvenile court's probable cause finding was not supported by sufficient evidence. He also complains that the juvenile court erred by finding that he was subject to mandatory bindover to be tried as an adult.

## I. Probable Cause

{¶2} Taylor first argues that the court erred by finding probable cause to believe that he committed the charged acts. He maintains that the state failed to present credible identification evidence to prove that he committed the charged acts because the victim admitted that he did not see his robber's face. Taylor also maintains that an in-court identification made by the victim was unduly suggestive because Taylor was the only alleged delinquent child in the courtroom.

{¶3} Regardless of whether bindover in this case is mandatory or discretionary, the juvenile court had to first find probable cause to believe that the juvenile committed the charged acts. *See* R.C. 2152.12(A)(1)(b)(2) (mandatory bindover) and 2152.12(B)(1) (discretionary bindover).

{¶4} In the context of mandatory-bindover proceedings, the probable cause determination involves questions of both fact and law: we defer to findings based on the credibility of a witness, but review de novo whether the state presented sufficient evidence to demonstrate probable cause to believe that the juvenile committed the acts charged. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 51. The "probable" component of the probable cause determination means that the state must produce evidence that "raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt." *Id.* at ¶ 42, citing *State v. Iacona*, 93 Ohio St.3d 83, 93, 752 N.E.2d 937 (2001).

{¶5} The victim testified that he used an automated teller machine located inside a gas station to withdraw $20 and make a small purchase. As he walked home, two males — one short and the other tall — confronted him. The tall male had a firearm and told the victim "don't move." Knowing that he was being robbed, the victim pulled out the money left over from his store purchase. The smaller male took the money, and both males fled. The victim testified that he saw "the bigger guy's face just like I'm looking at you."

{¶6} The police were alerted. The victim gave the police a description of the two males and said that both males were in the gas station at the time he made his purchase. The police quickly saw two males who matched the description given by the victim, but the males ran off in different directions when they saw the police. The police were able to follow the tall male because he ran through snow, leaving tracks. After apprehending the tall male, the police conducted a cold stand lineup for the victim. The victim testified that the male shown to him in the cold stand "wasn't the guy," but two police officers testified that the victim identified the suspect as one of the robbers during the cold stand.

{¶7} Taylor argues that the victim's identification was suspect because the victim testified that he could not identify his assailants' clothing (apart from saying that one of them wore a hoodie) and testified that the man presented in the cold stand was not one of the persons who robbed him.

{¶8} The probable cause determination did not come down to a simple weighing of whether the victim or the two police officers were more credible about what occurred during the cold stand. The victim told the police that his assailants were in the gas station at the time he withdrew money and made his purchase. The gas station had surveillance video, and one of the police officers testified that a still photo taken from surveillance video showed Taylor inside the gas station, wearing the same clothes he wore during the cold stand. That evidence, in conjunction with the victim's in-court identification[1] of Taylor, was sufficient to establish probable cause to believe that Taylor had been identified as one of the robbers.

## II. Mandatory Bindover

---

[1] Taylor argues that the in-court identification was unnecessarily suggestive because he was the only alleged delinquent child in the courtroom. Taylor provides no reference to the transcript to support this assertion. *See* App.R. 16(A)(7). In any event, "an in-court identification is permissible if the state establishes by clear and convincing evidence that the witness had a reliable, independent basis for the identification based on prior independent observations made at the scene of the crime." *State v. Fields*, 8th Dist. Cuyahoga No. 99750, 2014-Ohio-301, ¶ 10. The evidence showed that the victim reliably identified Taylor at trial.

{¶9} The state charged Taylor with committing the category 2 offense of aggravated robbery with a firearm, *see* R.C. 2152.02(B)(B)(1) — an offense that would ordinarily require mandatory bindover for trial as an adult. *See* R.C. 2152.12(A)(1)(b). However, at the time the complaint was filed against Taylor, *State v. Aalim*, 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862 ("*Aalim I*"), held that "[t]he mandatory transfer of juveniles to the general division of common pleas court violates juveniles' right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution." *Id.* at paragraph one of the syllabus. In light of the state's motion for an order asking the court to relinquish jurisdiction for the purpose of a criminal prosecution, the juvenile court told Taylor that it was treating the case as one of discretionary bindover. When the court concluded the probable cause hearing, however, it stated that "this is a mandatory bindover situation." After finding probable cause to believe that Taylor committed the charged acts, the court stated that it "automatically transfers this case to the Adult Court where Mr. Taylor can be tried as if he were an adult."

{¶10} The probable cause determination, and the characterization of the case as being a mandatory bindover, predated the release of *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 38 ("*Aalim II*"), where on reconsideration, the Ohio Supreme Court overruled *Aalim I*, holding that "the mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions." Defense counsel did not object when the court found that bindover was mandatory, so Taylor argues that the court committed plain error by finding transfer to be mandatory because *Aalim II* had yet to be decided.

{¶11} Plain error — error that was not brought to the court's attention at a time when it could have been corrected — can only be noticed if it is an error that affects a substantial right. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). And even if an error is plain on the record, "an appellate court is not required to correct it; we have admonish[ed] courts to notice plain error with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

{¶12} In *State v. Moore*, 8th Dist. Cuyahoga No. 105240, 2017-Ohio-8483, we rejected an argument similar to the one made by Taylor. Moore was convicted in 2011 following a mandatory bindover from juvenile court. In 2016, following the release of *Aalim I,* we granted Moore a delayed appeal to argue that the mandatory bindover was unconstitutional. Before the appeal was decided, the Supreme Court vacated *Aalim I* on reconsideration and issued *Aalim II.* Given that *Aalim I* had been vacated, we rejected Moore's claim that he was denied due process and equal protection of the law because he was not given an amenability hearing. *Moore* at ¶ 11. Another appellate district has reached a similar conclusion. *See State v. Ferguson*, 2017-Ohio-7930, 98 N.E.3d 987, ¶ 2 (2d Dist.), fn. 1.

{¶13} These cases convince us that Taylor cannot show any error that affects a substantial right. Moreover, even had Taylor shown error, *Aalim II* makes it clear that the mandatory bindover statute is not unconstitutional, so no miscarriage of justice would occur if he were denied the application of *Aalim I*, a case that has since been vacated.

### III. Ineffective Assistance of Counsel

**{¶14}** Our finding that no miscarriage of justice exists disposes of Taylor's third assignment of error and his claim that he was denied the effective assistance of counsel on grounds that counsel should have objected to mandatory bindover. Importantly, at the time the court conducted the probable cause hearing in this case, the Supreme Court had stayed the execution of judgment in *Aalim I*. *See State v. Aalim*, 148 Ohio St.3d 1407, 2017-Ohio-573, 69 N.E.3d 748. So even if *Aalim I* had not yet been vacated at the time the court ordered mandatory bindover, the stay of the decision meant that it was no longer binding on the court. *See State v. Baker*, 2017-Ohio-7795, 97 N.E.3d 981, ¶ 29 (7th Dist.). So regardless of whether counsel had the obligation to request an amenability hearing — an issue that we do not consider — no prejudice resulted because the Supreme Court ultimately rejected the constitutional challenge to the mandatory bindover statute. Taylor thus failed to establish the prejudice prong of an ineffective assistance of counsel claim because there is no reasonable probability that the court would have conducted an amenability hearing had counsel requested one. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
MELODY J. STEWART, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR